IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3072 |
| vs. | |
| MELFIN ARCINIO GARCIA-OLIVARES, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There was one objection to the revised report.[1] There are no motions for departure or variance pending before the Court.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

---

[1] The defendant also submitted a hand-written letter that was attached to the revised PSR. The letter apparently includes the defendant's account of the present offense, as well as information regarding a previous conviction. *See* PSR at ¶¶ 21, 44. However, the letter is written entirely in Spanish. Although the probation officer advised the defendant to submit a translated version prior to sentencing, one has not yet been provided. The significance of the letter is therefore not clear.

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant submitted one objection to the revised report. *See* PSR at 14. The objection stated that the defendant would be requesting a downward adjustment pursuant to U.S.S.G. § 3B1.2, which reduces the offense level for defendants who were only minor or minimal participants in the criminal activity underlying their conviction. The defendant asserts that he is entitled to such a role adjustment because he was only a middleman in the drug transactions at issue. The defendant has not submitted any written statement or evidence in support of this objection. The Court's tentative finding is that the objection lacks merit. The mere fact that the defendant was a middleman does not, standing alone, show he is entitled to a minor role adjustment under § 3B1.2. *See United States v. Deans,* 590 F.3d 907, 910 (8th Cir. 2010).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and *how long such a hearing would take*.

- 3 -

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of January, 2014.

BY THE COURT:

_____
John M. Gerrard
United States District Judge